## ALLEN v. UNITED STATES.

Circuit Court of Appeals. Sixth Circuit. May 10, 1928.

No. 5035.

1. **Intoxicating liquors** &⇒236(6½, 11)—**Evidence held to sustain conviction for sale and unlawful possession of liquor.**

Evidence in prosecution for sale and unlawful possession of intoxicating liquor *held* sufficient to sustain conviction.

2. **Criminal law** &⇒1169(1)—**Error in admission of testimony held cured by subsequent setting aside of conviction under counts to which testimony related.**

Any error in admission of evidence in corroboration of prosecuting witness testifying to possession and sale of liquor *held* cured by subsequent setting aside of conviction as to counts to which evidence related.

3. **Criminal law** &⇒940—**Refusal of new trial for newly discovered evidence relating to offenses on counts under which new trial was granted held not error.**

Refusal to grant a new trial because of newly discovered evidence relating solely to offenses charged in counts as to which a new trial had been granted *held* not to constitute error.

4. **Criminal law** &⇒1209—**Conviction for sale and unlawful possession held not double punishment under evidence warranting finding of possession of liquor other than that sold.**

Conviction for sale and also unlawful possession *held* not to constitute infliction of double punishment under evidence warranting finding that defendant possessed liquor other than that sold to prosecuting witness.

In Error to the District Court of the United States for the Eastern District of Tennessee; Xenophon Hicks, Judge.

John B. Allen was convicted for the sale and unlawful possession of liquor, and he brings error. Affirmed.

Fred H. Parvin, of Greeneville, Tenn. (Susong, Susong & Parvin, of Greeneville, Tenn., and Greer & Greer, of Newport, Tenn., on the brief), for plaintiff in error.

Wilbur W. Piper, Asst. U. S. Atty., of Knoxville, Tenn. (Geo. C. Taylor, U. S. Atty., of Knoxville, Tenn., on the brief), for the United States.

Before DENISON and MOORMAN, Circuit Judges, and TUTTLE, District Judge.

PER CURIAM. [1] Upon the third and fourth counts of the indictment, charging that defendant sold and unlawfully possessed intoxicating liquor in January of 1926, there was sufficient evidence for the jury. There was, it is true, some evidence discrediting the witness whose evidence the government mainly relied upon to prove these offenses; but the witness testified unequivocally to the purchase of liquor from defendant at that time under circumstances which tended to show that what he purchased was only a part of what defendant then had on hand. This evidence, with the discrediting evidence, was for the jury. Manzel v. United States (6 C. C. A.) 19 F. (2d) 139.

[2-4] The first and second counts charged the sale and unlawful possession of intoxicating liquor in December, 1925. Upon the trial, the court permitted Davis, a deputy marshal, to testify in corroboration of the prosecuting witness to certain statements that the witness had made prior to the trial. There were convictions on all four of the counts, but the court granted a new trial on the first two. Whether this was done because the court concluded that the evidence of Davis was inadmissible does not appear; but, if there was reversible error in admitting it, it was cured by the setting aside of the convictions on the first two counts, as the statements related directly to those charges and not to the charges in the counts on which the convictions were permitted to stand. Such incidental effect as Davis' testimony may have had on the trial as to the third and fourth counts cannot, we think, be said to constitute reversible error. Nor was it error to refuse to grant a new

trial because of newly discovered evidence, as that evidence related to the offenses charged in the counts upon which a new trial was granted. There was no double punishment inflicted because of conviction of the sale and also of the unlawful possession of liquor. The evidence clearly warranted the jury in believing that defendant unlawfully possessed liquor other than that sold to the prosecuting witness. Schutte v. United States (6 C. C. A.) 21 F.(2d) 830.

Judgment affirmed.